O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-03483 AHM<br>Bk. Case No. SV0211958-GM<br>Adversary Case. No. SV031186-GM | Date | May 30, 2008 |
|---|---|---|---|
| Title | In re ELIZABETH HOWE | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes | Not Reported | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**     IN CHAMBERS (No Proceedings Held)

    This matter is an appeal brought by Appellant Educational Credit Management Corporation from an order of the Bankruptcy Judge filed on May 3, 2007.

    On January 6, 2005, the Bankruptcy Appellate Panel of the Ninth Circuit reversed and remanded the Bankruptcy Judge's March 2, 2004 Judgment, holding that the Bankruptcy Judge applied an incorrect standard in determining whether debtor Elizabeth Marie Howe could maintain a minimal standard of living if forced to repay her student loans.

    Following remand, in her May 3, 2007 Order, the Bankruptcy Judge expressed uncertainty as to whether the first prong of the "undue hardship" test applies to the facts as of the first bankruptcy trial on January 15, 2004 or to the facts leading up to and as of the second bankruptcy trial on January 18, 2007. *See, e.g.*, Appellant Ex. 39 at 656:16-20 ("However, I cannot totally ignore the events which have occurred since the first trial. This has been the most difficult part of the decision . . . as I struggled with the issue of how (or if) I should use the post-January 2004 information in order to anticipate the future."); *id.* at 662:9-18 ("The problem here is not what I found for 'current' income and expenses under the first *Brunner* prong, but the specifics of events that happened after the initial trial, which I could not anticipate at that time. I deem the dischargeability trial to have taken place in January 2004, in part due to the equities required which, but for my erroneous interpretation of the law, would have ended at that time."); *id.* at 662:19-21 ("Beyond that, when looking to whether Ms. Howe's situation as it existed in 2003 would

O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-03483 AHM<br>Bk. Case No. SV0211958-GM<br>Adversary Case. No. SV031186-GM | Date | May 30, 2008 |
|---|---|---|---|
| Title | In re ELIZABETH HOWE | | |

be likely to continue for a substantial length of time, I am and was aware of the continuing uncertainty of the film industry . . . ."); *id.* at 666:12-15 ("Thus, I should limit my decision to the facts and knowledge available at the time of the first trial (January 2004) rather than those that occurred thereafter, coming into being before the second trial (January 2007).").

The Bankruptcy Judge held that Howe satisfied the "undue hardship" test as of the first trial, and thus the Judge partially discharged Howe's debt. Appellant now contends that the Bankruptcy Judge erred in failing to consider evidence of Appellee Howe's financial situation as of the date of the second bankruptcy trial.

As stated in *In re Rifino*, 245 F.3d 1083 (9th Cir. 2001),

> To determine if excepting student loans from discharge will create an undue hardship on a debtor, the Ninth Circuit has adopted the three-part test established by the Second Circuit in *Brunner*. To obtain a discharge of a student loan obligation, the debtor must prove: (1) that the debtor cannot maintain, based on current income and expenses, a "minimal" standard of living for herself and her dependents if forced to repay the loans; (2) that additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; and (3) that the debtor has made good faith efforts to repay the loans.

245 F.3d at 1087 (citations omitted).

In remanding the case to the Bankruptcy Judge, the Bankruptcy Appellate Panel did not identify the time frame to which the "undue hardship" test is applicable. Neither the Bankruptcy Code nor relevant case law sheds light on this question and the parties have not cited any applicable authority.

This Court fails to comprehend how it can assess whether the Judge's second application of the "undue hardship" test was legally correct without authoritative guidance as to the applicable time frame. Therefore, the Court ORDERS the parties to prepare and execute a stipulation jointly requesting the Bankruptcy Appellate Panel that

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-03483 AHM<br>Bk. Case No. SV0211958-GM<br>Adversary Case. No. SV031186-GM | Date | May 30, 2008 |
|---|---|---|---|
| Title | In re ELIZABETH HOWE | | |

issued the January 6, 2005 ruling remanding the case to the Bankruptcy Judge to clarify whether upon remand the Bankruptcy Judge should have applied the "undue hardship" test to the facts as of the first bankruptcy trial on January 15, 2004 or to the facts leading up to and as of the second bankruptcy trial on January 18, 2007.  The parties shall file the stipulation with the Bankruptcy Appellate Panel and file a copy of it with both Judge Mund and this Court.  They shall do so by not later than June 5, 2008.  Thereafter, the matter will be stayed pending further ruling from the Bankruptcy Appellate Panel.

|  | : |
|---|---|
| Initials of Preparer | SMO |

# NOTICE PARTY SERVICE LIST

**Case No.** _____   **Case Title** _____

**Title of Document** _____

| | Left column | | Right column |
|---|---|---|---|
| ☐ | Atty Sttlmnt Officer Panel Coordinator | ☐ | US Attorneys Office - Civil Division -L.A. |
| ☐ | BAP (Bankruptcy Appellate Panel) | ☐ | US Attorneys Office - Civil Division - S.A. |
| ☐ | Beck, Michael J (Clerk, MDL Panel) | ☐ | US Attorneys Office - Criminal Division -L.A. |
| ☐ | BOP (Bureau of Prisons) | ☐ | US Attorneys Office - Criminal Division -S.A. |
| ☐ | CA St Pub Defender (Calif. State PD) | ☐ | US Bankruptcy Court |
| ☐ | CAAG (California Attorney General's Office - Keith H. Borjon, L.A. Death Penalty Coordinator) | ☐ | US Marshal Service - Los Angeles (USMLA) |
| ☐ | Case Asgmt Admin (Case Assignment Administrator) | ☐ | US Marshal Service - Riverside (USMED) |
| ☐ | Catterson, Cathy (9th Circuit Court of Appeal) | ☐ | US Marshal Service -Santa Ana (USMSA) |
| ☐ | Chief Deputy Admin | ☐ | US Probation Office (USPO) |
| ☐ | Chief Deputy Ops | ☐ | US Trustee's Office |
| ☐ | Clerk of Court | ☐ | Warden, San Quentin State Prison, CA |
| ☐ | Death Penalty H/C (Law Clerks) | | |
| ☐ | Dep In Chg E Div | | |
| ☐ | Dep In Chg So Div | | |
| ☐ | Federal Public Defender | | |
| ☐ | Fiscal Section | | |
| ☐ | Intake Section, Criminal LA | | |
| ☐ | Intake Section, Criminal SA | | |
| ☐ | Intake Supervisor, Civil | | |
| ☐ | PIA Clerk - Los Angeles (PIALA) | | |
| ☐ | PIA Clerk - Riverside (PIAED) | | |
| ☐ | PIA Clerk - Santa Ana (PIASA) | | |
| ☐ | PSA - Los Angeles (PSALA) | | |
| ☐ | PSA - Riverside (PSAED) | | |
| ☐ | PSA - Santa Ana (PSASA) | | |
| ☐ | Schnack, Randall (CJA Supervising Attorney) | | |
| ☐ | Statistics Clerk | | |

☐ ***ADD NEW NOTICE PARTY***
**(if sending by fax, mailing address must also be provided)**

Name:

Firm:

Address (*include suite or floor*):

*E-mail:

*Fax No.:

\* For CIVIL cases only

***JUDGE / MAGISTRATE JUDGE (list below):***

**Initials of Deputy Clerk** _____